UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NIRUNDON PHUCHARROENYOS,

Petitioner,

v.                                            CAUSE NO. 3:25-CV-1038-CCB-SJF

BRIAN ENGLISH, et al.,

Respondents.

## **OPINION AND ORDER**

Immigration detainee Nirundon Phucharroenyos, representing himself, filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is

unlawfully confined in violation of the laws or Constitution of the United States. ECF 1.

The respondent has answered the petition, and Phucharroenyos has filed a reply. ECF 8,

ECF 11. The petition is ready to be decided.

## BACKGROUND

Phucharroenyos was born in Thailand and entered the United States in 1989. ECF

1 at 1-2. In 2005, he was convicted of a federal drug trafficking offense and sentenced to

incarceration. *Id.* In July 2010, an immigration judge ordered him removed to Thailand.

Because Phucharroenyos did not have proper identification documents, Thailand

denied his request for a travel document and did not recognize his Thai citizenship. *Id.*

In February 2011, he was released on an Order of Supervision. *Id.* In 2013, he was again

convicted of a federal drug trafficking offense and sentenced to incarceration. *Id.* On

September 19, 2025, he was transferred into the custody of the Immigration and

Customs Enforcement (ICE), and he is currently detained at the Miami Correctional Facility. *Id.* In October 2025, he "submitted a request for travel documents to Thailand."[1] *Id.*

On January 6, 2026, the respondents filed a status report representing that the government was obtaining travel documents from Thailand but that it was unlikely that Phucharroenyos would be removed within thirty days. ECF 7. On January 12, 2026, an ICE official from the Chicago Field Office of Enforcement and Removal Operations attested, "My office continues to work with Headquarters Removal Management Division to attempt to obtain travel documents to remove [Phucharroenyos] to Thailand." ECF 8-1.

On March 20, 2026, Phucharroenyos filed a status update representing that, in March 2026, an ICE official asked him to complete a third application for a travel document to Thailand. ECF 16 at 1-2. He represents that he complied and completed the application. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Phucharroenyos' habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*,

---

[1] While it appears that the request for travel documents was directed at Thailand, it is unclear whether Phucharroenyos sent the request to the government of Thailand or merely gave a completed application for travel documents to an ICE official.

No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.);

*Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29,

2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondents first argue that

Phucharroenyos' detention is lawful under 8 U.S.C. § 1231 because the statute

authorizes detention pending execution of a removal order. However, beyond the

"removal period,"[2] which for Phucharroenyos ended sixteen years ago, continued

detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only

as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699

(2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no

longer authorized by statute."). The Supreme Court has instructed that once removal is

not reasonably foreseeable, "the court should hold continued detention unreasonable

and no longer authorized by statute," though any release "may and should be

conditioned on any of the various forms of supervised release that are appropriate in

the circumstances, and the alien may no doubt be returned to custody upon a violation

of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of

detention" of six months in recognition of the Executive Branch's primary responsibility

---

[2] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Phucharroenyos has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondents identify Thailand as the sole country under consideration for removal. The government's efforts to remove him in 2010 and 2011 were unsuccessful, and he was released on an Order of Supervision. In October 2025, he submitted an application for travel documents to either an ICE official or the government of Thailand, which has not been granted after six months. His immediate term of detention now spans seven months. The court finds that this showing suggests that Thailand has and will refuse to accept for removal and constitutes good reason to believe that there is no significant likelihood of Phucharroenyos' removal in the reasonably foreseeable future.

To rebut this showing, the respondents offer a vague attestation that the government is working to remove Phucharroenyos to Thailand. This meager showing does not persuade the court that Phucharroenyos' removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Phucharroenyos to Thailand will be successful now when they were unsuccessful in

4

2010 and 2011. It also does not adequately explain why the government has not yet obtained travel documents from Phucharroenyos after seven months of detention and six months after Phucharroenyos completed a travel documents application. It is unclear whether this application has been submitted to Thailand, and, even if it has been submitted, the government provides no insight as to when Thailand might reach a decision or the likelihood that Thailand will issue the travel documents for Phucharroenyos. Consequently, the court finds that the respondents have not adequately demonstrated that Phucharroenyos' removal is reasonably foreseeable. Therefore, the respondents must release Phucharroenyos.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Nirundon Phucharroenyos on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 23, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 21, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5